## FINDLEY *et al. vs.* HULSEY *et al.*

Where, in an ejectment case, it appeared that the plaintiffs' mother, from whom they inherited, had held possession of the land for thirty-seven years; that after her death the plaintiffs remained in possession; that the defendant purchased the land at a sheriff's sale, under an execution against a third party; that he went, together with his brother, who was the sheriff, to the plaintiffs, and by threatening to turn them out of possession, obtained from them a deed conveying their right, title and claim to him, allowing them to retain the growing crop; and that he went into possession thereunder :

Held, that there was enough to warrant the jury in finding that the deed was procured by fraud and duress, and was void, and that the plaintiffs should recover the land.

December 3, 1887.

Ejectment.   Fraud.   Duress.   Title.   Verdict.   Before Judge WELLBORN.   Hall Superior Court.   February Term, 1887.

Reported in the decision.

J. B. ESTES; W. F. FINDLEY, for plaintiffs in error.

S. C. DUNLAP, for defendants.

BLANDFORD, Justice.

The defendants in error brought their action of eject-
ment against the plaintiffs in error to recover fifty acres of
land, the southwest corner of a certain lot situated in a
certain district of Hall county. A verdict was rendered
in favor of the defendants in error; and thereupon the
plaintiffs in error moved for a new trial upon several
grounds. The court overruled the motion for new trial,
and this is the error complained of here.

It appears from the record that Rebecca Hulsey went
into possession of this land in the year 1836, and remained
on it until she died, in 1873; that the defendants in error
are her children, and were residing on the land when
Findley, tenant in possession, together with one Johnson
(who had died prior to the trial of this case), purchased
the land at sheriff's sale under an execution against one
Cochran; that Findley took the sheriff, who was his brother,
to this lot of land upon which the Hulseys lived, and threat-
ened to turn them out of possession unless they would ex-
ecute and deliver to him a certain deed, conveying all the
right, title and claim that they (the Hulseys) had to the
land, to Findley and Johnson, the deed covenanting that
the Hulseys should give up this land at any time Findley
should demand it; and the consideration of the deed being
that the Hulseys should have a growing crop on the land
which they had raised themselves; that the Hulseys made
this deed (which was put in evidence); and that Findley
went into possession of the land, and that whatever pos-
session he got to this land was under and by virtue of the
deed made to him by the Hulseys.

The Hulseys contend that this deed was procured by
duress and fraud. That was the issue made upon the trial
in the court below, and it was fairly submitted to the jury
by the presiding judge. We think the evidence is clear
and unmistakable that this deed was procured by fraud
and duress, and is therefore void; and that Findley, having

taken this deed from the Hulseys, and having gone into possession under it, thereby admitted a prior possession in the Hulseys, and is in no condition to dispute their prior possession. The Hulseys had a right to recover this land upon their prior possession against Findley, who obtained possession under them wrongfully and fraudulently.

There are other points in the case which we deem it unnecessary to notice, as the view we have stated controls the case. We think the court was right in refusing a new trial, and the judgment is affirmed.