## HALL, administratrix, *v.* ALMOND.

Where a suit is brought for the recovery of land and mesne profits, in the county in which the land lies, against a defendant residing in another county, and the petition shows on its face that the defendant is the grantee in a deed purporting to convey the land in controversy, but it is also shown in the petition that the defendant obtained the deed under such circumstances as to render the conveyance void; and where the petition does not seek an equitable accounting or cancellation of the deed which is alleged to be void, such a suit is properly brought in the county in which the land lies, and it was error to sustain a demurrer raising the point that the court was without jurisdiction, because of the non-residence of the defendant in that county.

No. 5734. APRIL 15, 1927.

Equitable petition. Before Judge Hodges. Elbert superior court. October 30, 1926.

Mrs. W. A. S. Hall, as administratrix de bonis non cum testamento annexo of W. A. S. Hall, brought suit in the superior court of Elbert County against Mrs. Essie Almond, a resident of Clarke County. The suit is for the recovery of land located in Elbert County. It is alleged in the petition that at the time of his death W. A. S. Hall was the owner of and had title to a certain described tract of land in Elbert County; that petitioner as administratrix aforesaid is entitled to recover the land described; that the defendant, Mrs. Almond, is in possession of the land, "enjoying the rents and profits, and has been appropriating the same to her own use since the 9th day of July, 1923;" that the profits of the land are worth $400.00 per annum; that petitioner claims title and right to sue for the recovery of the land described, by virtue of her appointment and office of administratrix de bonis non; that the defendant claims title under the deceased, W. A. S.

Deeds, 18 C. J. p. 242, n. 78 New.
Ejectment, 19 C. J. p. 1032, n. 59.
Venue, 40 Cyc. p. 56, n. 78.

Hall, by virtue of a warranty deed dated July 9, 1923; but petitioner insists that while the defendant claims under the decedent, her title as derived from him is invalid, for the following reasons, to wit: "That at the time of the execution of the deed aforesaid from W. A. S. Hall to the defendant, Mrs. Essie Almond, and for a period of more than four years prior thereto, and on and from the date of the execution of said deed, the said W. A. S. Hall was of unsound mind, totally lacking in mental capacity, and was mentally and legally incompetent to execute the deed in question, which said fact and condition was well known to said defendant; that the said deed is invalid and void for the further reason that the same is without consideration and was obtained from the said W. A. S. Hall without his knowledge and consent, by and through fraud practiced upon and against him by the said Mrs. Essie Almond, in that the said Mrs. Essie Almond, knowing the mental incapacity of the said Hall, caused him to execute said deed without his knowledge and consent and without payment of the consideration named in said deed, or any part thereof, though the sum named as the consideration of said deed was actually placed in the hands of the said Hall by the said defendant, but by her immediately withdrawn from the possession of the said Hall and returned to the said defendant; that at the time of the execution of the deed in question a suit for a large sum of money, entitled Reagan et al. vs. W. A. S. Hall, was pending in Elbert superior court, and the scheme of the said defendant was to secure a deed from the said Hall to the land in question for herself, without consideration, and to defeat the collection of any judgment that might have been rendered in said case, and to procure the property of the said Hall without his knowledge and consent and without paying therefor; the said Mrs. Essie Almond being a daughter of the said W. A. S. Hall and occupying a confidential relationship to him; that the said Hall did not knowingly participate in the perpetration of said fraud, for the reason that he was then and there totally lacking in mental capacity and could not perpetrate a fraud or participate in the perpetration thereof."

The defendant demurred to the petition, upon the grounds, that the allegations are "so indefinite and conflicting as to render it uncertain as to just what the suit is based upon and what remedy

is sought," etc.; and that the petition shows that the court is without jurisdiction, as the defendant is a resident, not of Elbert County, where the suit is brought, but of Clarke County, and a suit to rescind a deed to land on account of fraud is not such a suit as can be brought without the county where the defendant resides; that if this is a suit to recover land, it is unauthorized, for the reason that the petition shows that at the time of bringing the suit the title to the property had passed out of W. A. S. Hall and his estate; and that if it is a suit to cancel and set aside the deed of Hall, made to the defendant, it is unauthorized, for the reason that the suit is brought without the county in which the defendant resides. The court sustained the demurrer, and the plaintiff excepted.

*J. T. Sisk* and *Clark Edwards,* for plaintiff.

*West & West,* for defendant.

Beck, P. J. (After stating the foregoing facts.) The grounds of demurrer are not set forth in full in the statement of facts, but the questions raised by the demurrer are sufficiently indicated. We are of the opinion that the case should not have been dismissed. The court in which the suit was brought had jurisdiction. In the main, this is a suit for the recovery of land. If an equitable accounting had been sought, or cancellation of the deed executed by W. A. S. Hall in his lifetime to the defendant had been prayed, the court could not have entertained the suit, and the dismissal upon demurrer raising the question of jurisdiction would have been proper. But there is no prayer for cancellation of the deed, or for an equitable accounting. There is an allegation that the value of the mesne profits was $400 per annum. The demurrer to the petition admits this. The petition shows upon its face that the deed was obtained by fraud. If the allegations of the petition are true (and they are so to be taken in considering the demurrer), the defendant is shown to have obtained the deed in question by fraud practiced upon the grantor when he was mentally incapable of executing a deed, and his mental incapacity was so complete that he himself could not understand the nature of his acts, and his mental condition was known to the defendant. The grantor in the deed at the time of the execution of it "was totally lacking in mental capacity." A deed executed under such circumstances was void and could have been attacked in a suit

brought for the recovery of the land, without resort to a court of equity to have the deed declared void. In the case of *Findley* v. *Hulsey,* 79 *Ga.* 670 (4 S. E. 902), it was said: "Where, in an ejectment case, it appeared that the plaintiffs' mother, from whom they inherited, had held possession of the land for thirty-seven years; that after her death the plaintiffs remained in possession; that the defendant purchased the land at a sheriff's sale, under an execution against a third party; that he went, together with his brother, who was the sheriff, to the plaintiffs, and, by threatening to turn them out of possession, obtained from them a deed conveying their right, title, and claim to him, allowing them to retain the growing crop; and that he went into possession thereunder: *Held,* that there was enough to warrant the jury in finding that the deed was procured by fraud and duress, and was void, and that the plaintiffs should recover the land."

In *Cochran* v. *Groover,* 156 *Ga.* 323 (2) (118 S. E. 865), it was said: "An amendment to the plaintiff's petition, alleging that the surviving remaindermen, in order to deprive her of her interest in these lands as the sole heir of her deceased husband, had induced the life-tenant, who was of advanced age and from disease and senile infirmities was mentally incapable of making a valid contract, without consideration, to convey said lands to them under the power given said life-tenant by the testator, for which reasons said conveyance was void, and that the defendant was the tenant of said remaindermen who claimed said lands under said conveyance from the life-tenant, was not subject to the objections that it sought substantial equitable relief against the grantees in said conveyance, and that, failing to allege their residence, it did not show that the court had jurisdiction to grant such equitable relief; said amendment not seeking any equitable relief, and said attack on said conveyance being available to the plaintiff at law against the tenant of said vendees in possession." In Powell on Actions for Land, 186, § 158, the author says: "Deeds and other conveyances may be void or merely voidable— may be void as against certain persons and yet not void as to others. If a conveyance is absolutely void, the party against whom it is offered may show that fact; if a deed is voidable only, or void only as against certain persons, the opposite party can not attack it unless he is one of those who have the right to avoid it

for the reason alleged." The rule here stated is deducible from the decisions of this court. The present case is to be differentiated from the cases cited and quoted from in the brief of counsel for defendant in error. Where equitable accounting is sought in such a suit as this, and the setting aside of a deed is also sought, it would be necessary, under certain of the decisions,—and we do not question their soundness—to bring the suit for that purpose in the county of the defendant's residence.

The precise question which we are now considering was ruled in the case of *Taylor* v. *Allen,* 112 *Ga.* 330 (37 S. E. 408), where it was held: "Where an action of ejectment was brought by a married woman in the superior court of the county wherein the land in dispute was situated, and the defendant relied upon a deed purporting to have been executed by her, and to convey the land to one under whom he claimed, it was the right of the plaintiff, without filing equitable pleadings for the cancellation of such deed, to attack the same as void on the ground that it was executed to the grantee therein named in pursuance of a scheme having for its object the sale of her land for the purpose of paying a debt due by her husband. . . It would not in such a case have been proper to compel the plaintiff to file such equitable pleadings, nor was it erroneous to disallow a plea to the jurisdiction, alleging that the defendant resided in another county, and based upon the theory that such pleadings were indispensable, and that upon the filing thereof the action would become an 'equity case,' and, therefore, maintainable only in the county last indicated." The decision in this case is not contrary to the principle ruled in the case of *Chosewood* v. *Jones,* 146 *Ga.* 804 (92 S. E. 646); for in that case it is distinctly stated that it is a "suit by a grantor against the grantee to cancel a deed conveying land," as well as to recover possession of the land and mesne profits. In the present case cancellation of the deed is not sought.

*Judgment reversed. All the Justices concur.*