DeWITT *et al. v.* RICHMOND COUNTY *et al.*

No. 13817. SEPTEMBER 9, 1941. REHEARING DENIED SEPTEMBER 26, 1941.

*W. K. Miller* and *Hammond, Kennedy & Yow,* for plaintiffs.
*Isaac S. Peebles Jr.,* for defendants.

DUCKWORTH, Justice. ■ An interpretation of that portion of the act contained in section 6, providing that "whenever any employee (not elected by the people) of any county to which this act is applicable, shall have served for twenty-five (25) years as an employee of the aforesaid county, he shall be permitted to retire from active service on his own motion, upon one half of the pay of his or her position," is made necessary by that portion of the petition assailing this provision upon the ground that it is indefinite and uncertain, in that it fails to state whether the twenty-five year period of service shall begin at or after the effective date of the act, or whether it embraces services rendered before the effective date of the act. The quoted language of the act reveals an ambiguity in this respect, and this makes it necessary to construe the language used. It is the duty of the court in construing an ambiguous statute to give it a construction, if the language permits, that will sustain the act, rather than a construction that will render it invalid. *Fordham* v. *Sikes,* 141 *Ga.* 469 (81 S. E. 208) ; *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (3) (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 208) ; *Bennett* v. *Wheatley,* 154 *Ga.* 591 (115 S. E. 83). In 19 R. C. L. 726, § 33, it is said: "The establishment of a pension system for municipal officers and employees, whereby, after serving a certain number of years or upon disablement from injuries received in the course of their duties, they are retired from active service and paid a certain proportion of their salaries for the remainder of their lives, is not an unconstitutional disposition of public moneys for private use when applied to officers and employees who have entered or continued in the service after the system went into effect. The pension in such a case is not a gratuity, but a part of the stipulated compensation." On the other hand, it is stated in the same paragraph that "a statute which authorizes a municipal corporation to pay a pension to persons who have formerly been in its service but have retired or withdrawn therefrom before the statute was enacted is unconstitutional. Such a payment is a mere gratuity." It is provided in article 7, section 16, paragraph 1, of the constitution (Code, § 2-6401) that "The General Assembly shall not by vote, resolution or order grant any donation or gratuity, in favor of any person, corporation or association." It was held in *Atlanta Chamber of Commerce* v. *McRae,* 174 *Ga.* 590 (163 S. E. 701), that a county

is not authorized to donate public funds to a chamber of commerce, freight bureau, or convention and tourist bureau. The constitution further provides (Code, § 2-6402), that "The General Assembly shall not grant or authorize extra compensation to any public officer, agent, or contractor after the service has been rendered, or the contract entered into." In view of the general rules above stated and the constitutional inhibitions referred to, the legislature was without authority to authorize Richmond County to pay any sum to employees for services rendered before the present act. Those employees had been paid in full per terms of their employment for such services and had received the full amount of their salaries without a deduction of the three per cent. provided in the present act. A further reason for this construction is that it is asserted in the petition that to give the act this construction would make it impossible to carry out the terms and provisions of the act, for the reason that funds available would be wholly inadequate for that purpose. Attached to the petition is a long list of county employees, showing their salaries and period of service, as well as the eight employees, parties defendant in the present case, six of whom it is alleged are now eligible to receive retirement pay if given credit for services rendered to the county before the enactment of this statute. Other calculations and propositions are set forth in the petition, including a statement of the total receipts by virtue of the three per cent. deduction from salaries, which demonstrate convincingly the inadequacy of the funds to meet the requirements of the act, if it is construed to allow credit for time served before the act. It is the duty of the court to declare an act void where the act discloses that it is impossible to carry out its provisions. H. Earl Clack Co. v. Public Service Commission, 94 Mont. 488 (22 Pac. 2d, 1056); Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269 (11) (3 S. W. 2d, 606). In re Maury, 97 Mont. 316 (34 Pac. 2d, 380 (3)), it was said: "If an act of the legislature is so vague and uncertain in its terms as to convey no meaning, or *if the means of carrying out its provisions are not adequate or effective,* it is incumbent upon the courts to declare it void and inoperative." (Italics ours.) Looking to the language of the statute and conforming to the foregoing rules of law, we find that the act will bear the construction that the entire period of twenty-five years of

service necessary to entitle an employee to receive retirement compensation must date from or subsequently to the effective date of the act; and to give it this construction would make its execution possible by providing a period of twenty-five years during which all employees must contribute, and no retirement compensation be paid therefrom, thus making reasonable provisions for the acquirement of funds necessary to meet the requirements of the act. Accordingly it is so construed, and this construction answers adversely to petitioners the attacks upon the grounds of uncertainty and impossibility of execution.

■ A vital question and one that largely determines the constitutional assaults upon this act is whether the fund created by the three per cent. salary deduction is a gratuity or adjusted compensation for services rendered. The words "pension" and "compensation" are not synonymous. The former is ordinarily a gratuity or bounty from the government in recognition of but not in payment for past services. Dickey v. Jackson, 181 Iowa, 155 (165 N. W. 387). In Retirement Board of Allegheny v. McGovern, 316 Pa. 161 (174 Atl. 400), the court had for consideration a case similar in many respects to the case now before this court, and drew a distinction between a pension and retirement pay, in the following language: "A pension is a bounty or a gratuity given for services that were rendered in the past. This act provides for retirement pay. Retirement pay is defined as 'adjusted compensation' presently earned, which, with contributions from employees, is payable in the future. The compensation is earned in the present, payable in the future to an employee, provided he possesses the qualifications required by the act, and complies with the terms, conditions, and regulations imposed upon the receipt of retirement pay. Until an employee has earned his retirement pay, or until the time arrives when he may retire, his retirement pay is but an inchoate right." Section 1 of the present act provides for the creation of a permanent pension fund, and in section 2 it is provided that "three per cent. of the monthly salary of all employees of the county, not elected by the people, except the county attorney, . . shall be deducted and deposited in said permanent pension fund; and this provision shall be mandatory and shall govern every present or future employee." The act further provides (section 3) that disability payments shall be made "if there is suffi-

cient money in said fund to pay said pension;" and section 7, after providing for the payment of retirement compensation, makes such payment conditional upon the sufficiency of the funds for that purpose; and finally, to insure that no other county funds be used for the purpose of making payments provided for in the act, it is declared in section 15 that "no county funds other than the moneys herein provided for to be paid by said employees shall be available for the payment of any benefits hereunder." Thus it is clear that under the terms of the act the only funds that can be used for meeting the payments therein are those derived from the deduction by the county of three per cent. of the county employees' salaries. It is not provided that an amount of county funds equaling three per cent. of the employees' salaries shall be deposited in this fund, but, on the contrary, it is expressly provided that this three per cent. must be a portion of the actual salaries of the employees. In its final analysis, the whole purpose and plan of the act is to provide a method or basis upon which the county commissioners must satisfy the obligation of the county to its employees for services rendered. There can be no doubt of the authority and duty of the county to pay its servants. Hence this act constitutes no legislative attempt to confer or impose new and additional powers and duties upon Richmond County not general throughout the other counties of the State, but rather it is a legislative enacment defining or prescribing the duties of the commissioners in discharging this obligation of the county; and such legislation is authorized by article 6, section 19, paragraph 1, of the constitution (Code, § 2-4601), which declares: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, *and to define their duties.*" (Italics ours.) This act simply directs the county commissioners to pay immediately to the employee ninety-seven cents in cash, and to defer payment of the remaining three cents in the dollar of such employee's compensation to a future time and condition. The contract of employment is subject to the terms of this law. The three per cent. deducted is by the terms of the law applied to the satisfaction of the county's obligation for such services. The fact of its deferment and of the contingencies which make it possible that the particular employee will never receive it in the form provided by the act does not deprive the employee of the benefit of this fund.

It reposes in the general fund made up of similar deductions from all other salaries as a protection and potential payment to such employee in the event of his total disability or satisfying the condition for retirement. There is no inhibition in the constitution or statutes against the county's payment for services on whatever terms and in whatever specie the county and the employee may agree upon, or the legislature may provide by statute, as has been done in this case. While the employee has an inchoate interest in the fund thus retained by the county, he has no title thereto or vested interest therein until the happening of the event which under the terms of the statute entitles him to payments therefrom in conformity with the provisions of the law. In Pennie v. Reis, 132 U. S. 464 (10 Sup. Ct. 149, 33 L. ed. 426), which was a case involving a statute of California very similar to the present act, it was held that since the Government had never parted with possession and custody of the deductions made from the employee's salary, title thereto remained in the Government and the employee had no vested right therein until the happening of the condition which the statute provided would entitle him to benefits therefrom. In Trotzier v. McElroy, 182 Ga. 719 (186 S. E. 817), the pensioner's right to receive $100 per month under the terms of the statute had accrued, and he was actually receiving this amount when the act was amended reducing his pension to $75 per month; and this court held, that, the contingency provided for in the statute having occurred before the change in the statute by amendment, the right of the pensioner was a vested right and the amendment changing that right was unconstitutional and void; but the ruling was expressly restricted to holding only that the right of the pensioner was vested because of the happening of the contingency. It is our opinion therefore that the fund created by the three per cent. deduction of salaries is an expense of the county for services of employees, and that its use in the manner provided by the act is adjusted compensation, and is not a gratuity.

The rulings made in the preceding divisions of this opinion are controlling adversely to the petitioners on all constitutional attacks made upon the act here involved. The petition failed to allege a cause of action, and the court did not err in sustaining the general demurrer. *Judgment affirmed. All the Justices concur.*