## THOMAS v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 10503, 10504.

Circuit Court of Appeals, Fifth Circuit.

May 5, 1943.

Ed. J. deVerges, of New Orleans, La., for petitioners.

Ray A. Brown and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The petitions are for review of decisions of the Board of Tax Appeals sustaining the Commissioner's determination of income tax deficiencies for the year 1936 against James Thomas and his wife, Rosalie Segari Thomas.

In 1936 the Louisiana Culvert Company, Inc., paid, in the form of a gift, to its secretary-manager, James Thomas, the sum of $25,000 which the Board determined in its findings of fact to be compensation for services rendered and not a gift; and that James Thomas and his wife, who resided in Louisiana and reported their income on the community basis, should have included said amount in their 1936 returns as taxable income.

The same questions of fact and law are involved in the petition for review of Mrs. Rosalie Segari Thomas, No. 10504, as are involved in the petition of James Thomas, No. 10503. The parties stipulated that the

cases should be consolidated on appeal and that the judgment entered on the petition of Mr. Thomas should control the judgment to be entered on the petition of Mrs. Thomas.

The company employed Mr. Thomas (hereinafter referred to as "the Petitioner") on a salary plus commission basis. Early in 1936 an agent of the Bureau of Internal Revenue informally advised the Petitioner and the company accountant that the Bureau would not allow a deduction of more than $15,000 for salary and commissions paid to an executive of the company. Some time in October, 1936, an accountant of the company brought to the attention of the Petitioner that the total of salary and commission for the fiscal year 1936 already paid to him amounted to $26,-302.71, thereby exceeding the $15,000 limit by $11,302.71. Petitioner instructed the accountant to adjust his salary-commission account to conform to the limit set by the agent of the Bureau.

On October 30, 1936, at a meeting of the board of directors of the company, it was voted that the commission agreement of Petitioner be canceled for the *past* fiscal year and that the taxpayer be placed on a flat salary basis of $15,000 a year. This cancellation was carried out on the books of the company, resulting in an overdraft on Petitioner's personal account of the $11,302.71 excess.

On November 21, 1936, the stockholders and directors of the company instructed and directed its board of directors "to pay or credit the account of James Thomas, on the books of this corporation, with the sum of Twenty-five Thousand ($25,000) Dollars, as *a gift in recognition of his able and successful direction of the affairs of this corporation* during the past seven (7) years". (Emphasis added.) Said amount was directed to be charged to the surplus account of the corporation.

Pursuant to such authorization the personal account of the Petitioner on the books of the company was credited with $25,000. This wiped out the aforesaid overdraft of the Petitioner, leaving a balance of $13,697.29 which was paid to the Petitioner and used by him in the payment of his personal debt to the chief stockholder of said corporation.

The Petitioner filed a gift tax return reporting the $25,000 payment as a gift while the company charged the sum off to its surplus account and did not deduct such payment in its own income tax returns.

The sole question for decision is whether the Board was correct in finding that the payment of $25,000 received by James Thomas was compensation for services rendered by him to the company, and not a gift, and as such was taxable income for the year 1936.

■ Although the parties themselves made every effort to have this payment take the form of a gift, we agree with the opinion of the Board that the facts and circumstances surrounding the payment indicate that the payment was in consideration of valuable services rendered by the employee to the corporation. The Petitioner, shortly before, had relinquished $11,302.71 of earned commissions in addition to his contract entitling him to future commissions. The background of this payment indicates that the intention of the parties in making the payment was different from that which they outwardly manifested.

The company expressly described the payment as a gift to Thomas "in recognition of his able and successful direction of the affairs of this corporation during the past seven (7) years." We feel that this clearly indicated the true nature of the payment—additional compensation in the form of a bonus for past service rendered by the Petitioner.

■ The ultimate finding of fact by the Board that the $25,000 payment was compensation for services rendered and not a gift is supported by substantial evidence, and findings of fact by the Board will not be overturned unless they are clearly contrary to the weight of evidence. Lydia E. Pinkham Medicine Co. v. Commissioner, 1 Cir., 128 F.2d 986; Wilmington Trust Co. v. Helvering, 316 U.S. 164, 62 S.Ct. 984, 86 L.Ed. 1352; Humphreys v. Commissioner, 7 Cir., 125 F.2d 340; E. G. Robichaux Co., Limited, v. Commissioner, 5 Cir., 32 F.2d 780. We are not the triers of fact, but merely reviewers of the action of the Board, and in our investigation we are limited to an ascertainment of the existence of substantial evidence sufficient to support the findings. We have considered the evidence in the present case and find that there was substantial evidence to sustain the Board's conclusion.

The decision of the Board of Tax Appeals in each case is affirmed.