## VARNEDOE v. ALLEN.
### No. 11714.

Circuit Court of Appeals, Fifth Circuit.
Nov. 22, 1946.

Writ of Certiorari Denied Feb. 17, 1947.
See 67 S.Ct. 771.

WALLER, Circuit Judge, dissenting.

———————

Welborn B. Cody and Bertram S. Boley, both of Atlanta, Ga., for appellant.

Helen Goodner, A. F. Prescott and Muriel Paul, Sp. Assts. to the Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., all of Washington, D. C., and John P. Cowart,

United States Atty., of Macon, Ga., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves appellant's income taxes for the years 1941, 1943, and 1944. A separate count for the year 1942 was not set forth in the complaint because, under the pay-as-you-go act of 1943, such taxes for 1942 were extinguished, and a special provision was made for the same in computing the tax for 1943.

The taxpayer is the widow of a fireman who, during his life, was a captain in the fire department of the city of Atlanta, Georgia. He died on December 20, 1931, at the age of 70, after having served 42 years with that department. On January 1, 1932, the widow commenced receiving payments of $100 per month from said city, and continuously received such payments to the date of the trial of this case. These payments were made pursuant to an act of the General Assembly of the State of Georgia, approved August 13, 1924, Ga. Laws 1924, pp. 167–173, as amended by acts approved August 7, 1925, Ga.Laws 1925, pp. 194–198, August 24, 1931, Ga.Laws 1931, pp. 223–228, and March 28, 1935, Ga.Laws 1935, pp. 450–456.[1]

The question presented on this appeal is whether these payments constitute taxable income to her under Section 22(a) of the U. S. Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a). The taxpayer has never been employed by the city of Atlanta, and has never given any personal consideration for the payments received by her. The salary received by her husband from the city amounted to $200 per month from 1924 to the date of his death, and during that period deductions were made from his salary as provided by the above cited acts of the State of Georgia. The widow paid to the Collector of Internal Revenue the income taxes assessed for the years in question, and instituted this action to recover the same with interest.

The taxpayer cites no provision of the statutes that specifically exempts this type of income. Section 22(a) provides that gross income, among other things, includes compensation for personal services of whatever kind and in whatever form paid. Section 29.22(a)-2 of Treasury Regulations 111, promulgated under the Internal Revenue Code, provides that compensation for personal services includes, generally, "pensions or retiring allowances" and "are income to the recipients." One exception to this general rule is stated in the following language: "However, so-called pensions awarded by one to whom no services have been rendered are mere gifts or gratuities and are not taxable."[2]

Usually the claimant of an exemption has the burden of proof, but we do not put our decision on this ground. If the payments to the taxpayer were not mere gifts or gratuities, under the above-quoted exception, awarded by one to whom no services had been rendered, they are taxable. It is not necessary that the services should have been rendered by the payee. The payor is the one to whom the services must have been rendered. The payments that the taxpayer received were awarded to her in consideration of services rendered to the city by her husband in his lifetime. They are gross income to her as compensation for services rendered within the meaning of Section 22(a) of the Internal Revenue Code, and in our opinion are not within the exception to the general rule with reference to mere gifts or gratuities.[3]

The judgment appealed from is affirmed.

---

[1] Trotzier v. McElroy, 182 Ga. 719, 186 S.E. 817; Hollis v. Jones, 184 Ga. 273, 191 S.E. 127; West v. Anderson, 187 Ga. 587, 1 S.E.2d 671.

[2] Section 19.22(a)-2 of Treasury Regulations 103, promulgated under the Internal Revenue Code, as amended by T. D. 5151, 1942-1 Cum.Bull. 34, is substantially the same as the above-quoted Section of Treasury Regulations 111.

[3] Willkie v. Commissioner, 6 Cir., 127 F.2d 953; Thomas v. Commissioner, 5 Cir., 135 F.2d 378; Flarsheim v. United States, 8 Cir., 156 F.2d 105; Sutro v. United States, N.D.Calif., June 16, 1942, 42-2 U.S.T.C. 10,215, wherein it was held that if there was an enforceable obligation, there was no gift. See also Mertens' Law of Federal Income Taxation, Vol. 1, p. 384 et seq.

WALLER, Circuit Judge, (dissenting).

I think that this case should be considered in the light of DeWitt v. Richmond County, 192 Ga. 770, 16 S.E.2d 579, decided long after the case of Trotzier v. McElroy, 182 Ga. 719, 186 S.E. 817, which is cited in the majority opinion. In the DeWitt case, supra, [192 Ga. 770, 16 S.E.2d 582] the Supreme Court of Georgia said: "A vital question and one that largely determines the constitutional assaults upon this act is whether the fund created by the three per cent. salary deduction is a gratuity or adjusted compensation for services rendered. The words 'pension' and 'compensation' are not synonymous. *The former is ordinarily a gratuity or bounty from the government in recognition of but not in payment for past services.* Dickey v. Jackson, 181 Iowa 1155, 165 N.W. 387. In Retirement Board of Allegheny County v. McGovern, 316 Pa. 161, 174 A. 400, 404, the court had for consideration a case similar in many respects to the case now before this court, and drew a distinction between a pension and retirement pay, in the following language: 'A pension is a bounty or a gratuity given for services that were rendered in the past. This act provides for retirement pay. Retirement pay is defined as "adjusted compensation" presently earned, which, with contributions from employees, is payable in the future. The compensation is earned in the present, payable in the future to an employee, provided he possesses the qualifications required by the act, and complies with the terms, conditions, and regulations imposed on the receipt of retirement pay. Until an employee has earned his retirement pay, or until the time arrives when he may retire, his retirement pay is but an inchoate right.' " (Emphasis added.)

The statute of Georgia being construed in the DeWitt case, supra, provided that the retirement fund should be made up wholly from three per cent that was to be deducted from the salary of each employee. There was no contribution by the County. The Court held that the payments out of this fund were not pensions but retirement pay or compensation for services, rendered saying: "Thus it is clear that under the terms of the act the only funds that can be used for meeting the payments therein are those derived from the deduction by the county of three per cent. of the county employees' salaries. It is not provided that an amount of county funds equalling three per cent. of the employees' salaries shall be deposited in this fund, but, on the contrary, it is expressly provided that this three per cent. must be a portion of the actual salaries of the employees. * * * This act simply directs the county commissioners to pay immediately to the employee 97 cents in cash, and to defer payment of the remaining three cents in the dollar of such employee's compensation to a future time and condition. The contract of employment is subject to the terms of this law. The three per cent. deducted is by the terms of the law applied to the satisfaction of the county's obligation for such services. * * * In Trotzier v. McElroy, 182 Ga. 719, 186 S.E. 817, the pensioner's right to receive $100 per month under the terms of the statute had accrued, and he was actually receiving this amount when the act was amended reducing his pension to $75 per month, and this court held, that, the contingency provided for in the statute having occurred before the change in the statute by amendment, the right of the pensioner was a vested right and the amendment changing that right was unconstitutional and void; but the ruling was expressly restricted to holding only that the right of the pensioner was vested because of the happening of the contingency. It is our opinion therefore that the fund created by the three per cent. deduction of salaries is an expense of the county for services of employees, and that its use in the manner provided by the act is adjusted compensation and is not a gratuity."

It, therefore, appears that if in that case the payments had been made out of a fund furnished by the county, it would have been a gratuity, but since the payments were to be made out of deductions from the earned salary of employees, they were not gratuities but deferred or adjusted compensation. There seems to be no difference in the holdings of the Georgia Court from the almost universal rule that a pension paid out of public funds is a gratuity.

Beyond doubt such part of the funds that went into the retirement fund as were with-

held from Mr. Varnedoe's regular salary was compensation to him for services rendered—deferred compensation [DeWitt v. Richmond County, supra]—but it was compensation to *him* and not to the taxpayer. The payments were taken from his salary, not hers. If there was any income tax due on that part of his salary, it was due from him, not her. The City is not now paying to her his salary, but they are paying to her that which in part it gave to him and that which in part he bought and paid for. Assuredly it is not now paying to her a salary for any personal services which she has performed.

Thus if the payments had been made to him, they would have come from two sources—one a gratuity from the City, the other from deductions from his own salary—earned by him and paid in his lifetime for his benefit—even if not to him directly—in the acquisition of annuitous arrangement for his and her security in their sunset hours.

At the time the law was passed the taxpayer's husband had already been working as a fireman for more than the 25 years necessary in order to enable a fireman to retire. He continued to work a good many years after that. He had the option to have retired, but failed to do so in order that he might save up the payments and let them accrue for the benefit of his wife. The payments which she now receives are merely that which he accumulated and acquired and had a right to draw down in his life time.

The widow has, assuredly, rendered no service as a fireman to the City of Atlanta for which she is being compensated. She is receiving that which was a gratuity from the City to her husband and which became vested in him, and which, because of his election not to retire and take it, was transmitted to her upon his death. It was also a gratuity from him to her. It had belonged to him as any other property right.

If the taxpayer's husband had died on the 12th day of August, 1924, or the day before the Pension Act became effective, neither he nor his widow would have received any pension, notwithstanding the fact that he had then served 34 years. If any fireman should now serve for 24 years, neither he nor his widow would be entitled to the pension. If the payments are only compensation for services, would it be said that there was to be no such compensation for services rendered for 24 years, 11 months,.and 29 days, but upon serving one day more there would be such compensation? Or would it be said that this so-called pensionary compensation was for the 365th day of the 25th year? If the pension were wholly compensation for personal services, would not the fireman who worked 24 years be entitled to a pro rata payment of this compensation for those 24 years of service prior to reaching the age of retirement? This seems to demonstrate that so much of the payments as are contributed by the City was a gratuity to the husband, awarded in recognition of the fact that after long years of service a fireman becomes too old to climb ladders and hop fire trucks with safety and agility, and that he should not be further subjected to the dangers of fire fighting.

The Legislature of Georgia evidently desired that those old firemen should be replaced by the younger and more efficient, with compensation for the young and with security for the old.

I think that the judgment of the Court below should be reversed.