## BAUSCH'S ESTATE et al. v. COMMIS-SIONER OF INTERNAL REVENUE
### (two cases).
#### Nos. 91, 92, Dockets 21771, 21772.

United States Court of Appeals
Second Circuit.

Argued Jan. 3, 1951.

Decided Jan. 25, 1951.

Nixon, Hargrave, Middleton & Devans, Rochester, N. Y., for petitioners; Scott Stewart, Jr., Rochester, N. Y., of counsel.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, and George D. Webster, Sp. Asst. to the Atty. Gen., and Charles Oliphant, Washington, D. C., for respondent.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

These petitions were to review deficiencies found by the Tax Court in the income taxes of the Estates of Edward Bausch and William Bausch. The underlying facts, as found by the Tax Court, are not in dispute. The taxpayers are the executors of these respective estates. Each of the decedents had been in the employ of Bausch & Lomb Optical Company upwards of fifty years. Edward Bausch had been vice-president for many years, and finally became president and subsequently chairman of the board. William Bausch, who was for a long time secretary of the company, in 1935 became vice-president and succeeded Edward Bausch as chairman of the board, upon the latter's death. Each was receiving a salary of $1500 per month at the time of his death. The company paid to the estate of each decedent the sum of $1500 per month for a period of twelve months following his death. Edward Bausch left as his closest surviving relatives his brother, William Bausch, his sister, and three nieces and a nephew. William Bausch left as his closest surviving relatives the same sister, nieces and nephew. Edward Bausch left a will under which, after providing specific bequests to various individuals and charitable corporations, he bequeathed the residue of his estate four-fifths to his nieces and nephew and one-fifth to the nephews and nieces of his deceased wife. William Bausch made specific bequests to various individuals and charitable corporations and gave the residue of his estate in equal shares to his nieces and nephew and to a nephew of his deceased wife.

The company had made similar payments to the heirs or estates of deceased officers in the past. There was no agreement be-

tween the company and Edward or William Bausch to make the payments in question. The decision to make them was made by the president and treasurer and other principal officers, but the board of directors adopted no resolution relating to the payments here in question. The company deducted them from its income tax returns for the years in which such payments were made.

It was found that the payments to the Estates of Edward Bausch and William Bausch were made because the company had paid a year's salary to the widow of one former vice-president, who died December 30, 1936, and to the estate of another vice-president who died in 1939. These four officers had all been with the company for over fifty years and had been largely responsible for its growth. It was therefore thought reasonable to do as well for the estates of Edward Bausch and William Bausch as in the case of the first two.

[1,2] The question before us is whether the foregoing payments constituted taxable income to the petitioners under Sections 22(a) and 126 of the Internal Revenue Code, or were gifts under Section 22 (b) (3), 26 U.S.C.A. §§ 22(a, b) (3), 126. The fact that they were voluntary and could not have been enforced by action did not necessarily render them gifts within the meaning of Section 22(b) (3). Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 730, 49 S. Ct. 499, 73 L.Ed. 918. If they were "compensation for personal services" they were taxable under the express terms of Section 22(a). Here the payments were deducted from the income tax returns of the corporation in the years in which they were paid; it had become a practice of the company to recompense the estates or dependents of deceased founders; the payments were measured by the salary paid each decedent during the year prior to his

death; from such undisputed facts there would seem to be a reasonable inference that the payments were a reward for past services, and so the determination of the Tax Court should be upheld. Fisher v. Commissioner of Internal Revenue, 2 Cir., 59 F.2d 192, 193.

The taxpayer relies on I. T. 3329, 1939-2 C. B. 153, which ruled that the salary of a deceased officer, if continued for a limited period and paid to his widow, would be deductible by the corporation as a business expense but nevertheless would be a nontaxable gift in her hands. The reason given was that: "when an allowance is paid by an organization to which the recipient has rendered no service, the amount is deemed to be a gift or gratuity and is not subject to federal income tax in the hands of the recipient." I. T. 3329, has been recently modified, however, so as to apply only to the situation where no services have been rendered to the employer either by the recipient or anybody else. I. T. 4027, 1950-21 Int.Rev.Bull. 2. In the case at bar the payments were a reward for services performed for the employer. That alone should be enough to render the payments taxable but in any event they were made to the executors of the deceased employees of the company who in contemplation of law continued the legal personalities of the employees and were specifically taxed under Sec. 126(a) [1] upon receipts for services by their testators. Though the correctness of the ruling as to widows in I. T. 3329 would seem doubtful if applied to all cases, it is unnecessary to consider under what circumstances sums paid to a widow or to other persons might be mere gifts and nothing more, for the payments here were by way of compensation rather than gifts and, therefore, were properly includible in the estates of the decedents under Section 126 (a). O'Daniel's Estate v. Commissioner of Internal Revenue, 2 Cir., 173 F.2d 966.

1. "The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of: (A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent; * * *."

For the foregoing reasons the decisions of the Tax Court holding the payments taxable income and sustaining the deficiencies are affirmed.