18297. ALDREDGE *et al.*, Trustees, *v.* ROSSER.

ARGUED JULY 14, 1953—DECIDED SEPTEMBER 14, 1953.

*Harold Sheats, Standish Thompson, E. A. Wright,* for plaintiffs in error.

*Hugh M. Dorsey, Jr., Jones, Williams, Dorsey & Kane, Robert B. Troutman, Spalding, Sibley, Troutman & Kelley,* contra.

*B. D. Murphy, Powell, Goldstein, Frazer & Murphy,* for party at interest not party to record.

WYATT, Justice. 1. The first question presented is whether or not the pendency of the certiorari proceeding is a bar to the present proceeding. Code § 3-601 provides as follows: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." The very nature of the two proceedings here involved makes this Code section inapplicable. In the certiorari proceeding, the Trustees of the Retirement Fund had made a finding, and the certiorari proceeding was brought from that finding of the trustees, and the writ was directed to the trustees to be answered. In no case can it be said that a certiorari proceeding to review the findings of an inferior judicatory makes the lower court a party to the certiorari proceeding. It follows, the parties in the two proceedings, to wit, the mandamus proceeding and the certiorari proceeding, are not the same.

2. We now consider the real question here presented, which is, whether or not this judge was entitled to retire and receive retirement compensation. Ga. Laws 1946, p. 299, provides in part as follows: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, that from and after the passage of this act, a Judge and/or Solicitor General of the Criminal Court of Fulton County, a Judge of the Civil Court of Fulton County and/or Judge of the Juvenile Court of Fulton County may, at his and/or their option, retire under the provisions of this act provided such Judge or Judges or Solicitor General shall have served continuously in either or both offices for twenty (20) years. The years of service prior to the passage of this Act shall be counted in computing the time necessary for eligibility for retirement, beginning with the actual date of qualification for either office and 'twenty continuous years' or 'twenty years' under this act wherever used herein is defined as twenty years of twelve months each, commencing with the date

when such Judge or Solicitor General qualified for the office, and not twenty calendar years."

It is insisted that a retirement law which takes into consideration time served in the office prior to the passage of the retirement act is unconstitutional because it amounts to a mere gratuity. *DeWitt* v. *Richmond County*, 192 *Ga.* 770 (16 S. E. 2d 579), is relied upon as authority for this position. This case does not so hold. It was there simply held that, under the provisions of the act there under consideration, it was the legislative intent to provide for retirement based upon service after the passage of the act. This court has held that retirement laws, when acted upon, become contracts amounting to adjusted compensation, and are not gratuities. In *Cole* v. *Foster*, 207 *Ga.* 416 (61 S. E. 2d 814), this court said, "It is asserted that these constitutional provisions are violated because the act, in determining the amount of benefits due by reason of length of service, does not fix the beginning of the service at the date of the act, but from the time the officer actually entered upon his duties, thus permitting the officer to get credit for services rendered prior to the date of the act. The position is taken that this violates the above constitutional provisions, in that it is not adjusted compensation for services rendered, but gives gratuities and extra compensation for the period of time between the beginning of their services and the date of the act.

"The provisions of section 9 of the act, requiring that peace officers pay a defined monthly sum into the fund, create a contractual relation, and the disability and retirement pay provided therein is not a gratuity but is adjusted compensation for services rendered. . . Nor do the provisions of the act—in computing the amounts of benefits by length of service, and permitting credit for service rendered prior to the date of the act—create compensation to a public officer after the service has been rendered. It is insisted that, in computing the years of service, its beginning point cannot go behind the date of the act, and in support of this contention the case of *DeWitt* v. *Richmond County*, 192 *Ga.* 770 (1) (16 S. E. 2d 579), is cited. That case does not so hold, but merely holds that the act there under review so provided. Under an act of this kind, giving credit for service prior to its passage is not compensation after the service has been rendered. [Citations omitted]."

It follows, the act of the General Assembly here under attack does not provide a gratuity and does not violate the terms of the Constitution in taking into account services rendered prior to the passage of the act in computing the amount of benefits by length of service.

We now look to see what must be shown by a judge of the court here under consideration in order to authorize his retirement under the terms of the act of 1946, supra. He, of course, must be a judge of the court under consideration, and he must be a judge at the time of his retirement, as otherwise he would not then be a judge of the court. The act then simply provides that a judge of that court "may . . . retire . . . provided such judge . . . shall have served continuously for 20 years . . . beginning with the actual date of qualification."

The judge in the instant case did serve for more than 20 years continuously from the date he first qualified and, unless the date is to be computed from the date he first qualified, it is difficult to see how any officer could ever qualify. The service, was, therefore, continuous for more than 20 years from the date he qualified, and he was a judge at the time he retired. This meets every requirement of the act of 1946, supra. The General Assembly could have provided that the 20 years' service should be continuous for the 20 years next preceding the date of retirement, but they did not do so.

3. The retirement act does not amount to an increase in the compensation of the judge during the term of office in which he was elected for the very good reason that he receives nothing under the provisions of the act until he retires, and when he retires, his term of office, so far as he is concerned, will then be at an end.

4. Since we have held that the defendant in error was and is entitled to retire under the provisions of the act of 1946, supra, it becomes unnecessary to consider the attack made on the act of 1953 (Ga. L. 1953, p. 2958).

From what has been said above, it follows the judgment complained of was not error.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents, and Atkinson, P.J., not participating.*

DUCKWORTH, Chief Justice, dissenting. However much I dis-

like to be in disagreement with my associates, my firm conviction as to the proper construction of the law involved leaves me no alternative. The section of the act fixing eligibility repeatedly refers, not to one of many dates of qualification, but to the one date of qualification. It requires service "continuously . . . for twenty (20) years." It further provides that the years of service prior to the passage of the act shall be counted in computing the time necessary "beginning with the actual date of qualification." Then it defines what is meant by twenty years and provides that the twenty-year period required shall commence with the "date when such judge or solicitor-general qualified for the office." Thus the act, referring to the judge who is in office after the effective date of the act, and not to the same person who might have held similar office during some past period, declares that the service being rendered at the time of his retirement must extend back continuously for a period of twenty years. That period must begin with "the actual date" and again "the date" of his qualification. Nothing is said about one or more than one date of qualification because such was obviously not intended. The judge here involved had two qualifications on different dates and in connection with two separate tenures. Nothing in the law authorizes an arbitrary acceptance of "the date" or "the actual date" of his qualification for his first period of tenure rather than "the date" or "the actual date" of his qualification for his last tenure. Other portions of the law, however, demand acceptance of the latter date to determine his eligibility, for it requires both that the service be for a period of twenty years of continuous service, and this service is required of the identical judge seeking to retire and has reference only to the tenure connected with his present service.

The legislature recognized this as the only proper construction when by the 1953 act (Ga. L. 1953, p. 2958) it amended the original act (Ga. L. 1946, p. 299) by adding thereto: "regardless of whether any such period of continuous service does or does not continue up to and terminate with the date of retirement under said act." Although ineffectual as relates to this judge, nevertheless this amendment signifies plainly the desire of Fulton County to pay this judge; and since it is their

money, I am happy to see him get it but feel impelled to adhere to my conception of the true meaning of the law.