Hilda BOUNDS

v.

UNITED STATES of America.

No. 9469.

United States District Court
D. Maryland,
Civil Division.

Dec. 16, 1957.

————◆————

Warren Browning, Bethesda, Md., and John A. Selby, Washington, D. C., for plaintiff.

Leon H. A. Pierson, U. S. Atty., and J. Jefferson Miller, II, Asst. U. S. Atty., Baltimore, Md., and John N. Stull, Acting Asst. Atty. Gen., James P. Garland, Herbert L. Awe, Attys., Dept. of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

This is an action to recover $3,190.89 paid as income taxes for the year 1952. Taxpayer, who is the widow of George C. Bounds, founder, president and director of Bounds Package Corp., claims that she erroneously included in her return as ordinary income to her $20,000 paid to her by the corporation during that year "as recognition in part of the great contribution made by George C. Bounds to the success of the business of the Corporation, and, as additional compensation for services rendered to the Corporation by George C. Bounds during his lifetime". Taxpayer claims that the payments were gifts to her. The government contends that they were not gifts, but were either (a) additional compensation for services rendered by her deceased husband, paid to her, and therefore taxable to her as ordinary income, or (b) dividends.

I adopt as my findings of fact the stipulation signed by the parties, and will set out herein only such facts as are necessary to understand the questions presented.

From the incorporation of the company in 1940 until his death on September 27, 1951, taxpayer's husband, George C. Bounds, served continuously as director and president of Bounds Package Corporation, a Maryland corporation,

with its principal office in Wicomico County, Maryland. It was a closely held corporation; half of the stock was owned by Bounds and his immediate family, the other half by a cousin, who had been brought up in Bounds' home, and by the immediate family of that cousin.

The corporation had paid Bounds $20,000 a year in quarterly instalments since 1948. The quarterly payment of $5,000 due him on September 30, 1951, was paid to his estate.

Before the death of Bounds the corporation had never made any payments to the estate or to members of the family of a deceased employee or officer except to the extent necessary to compensate the deceased for services rendered to the date of his death.

At the time of his death there was no agreement between Bounds and the corporation, or commitment by the corporation, for the payment of any additional compensation to his estate, his widow, or anyone else.

George C. Bounds died intestate; under Maryland law his estate has been divided one-third to taxpayer and two-thirds to their daughter.

Taxpayer has never been an employee or officer of the corporation. On October 19, 1951, she owned 823 shares of its capital stock out of 3,000 shares outstanding; 657 shares were owned by her daughter, 20 by her son-in-law and the remaining 1,500 by the cousin and his family.

At a meeting of the board of directors on October 19, 1951, with two well known and capable lawyers present, an appropriate resolution was passed noting the services and character of George C. Bounds and the sorrow of his associates; new officers were chosen; taxpayer's son-in-law was elected secretary and a director of the company; thereafter:

"The Chairman stated that in view of the fact that Mr. George C. Bounds was one of the founders of the business of the Corporation and participated as a Director and as President in its operations since the Corporation was formed and had devoted his entire time and energies to the building up of its business and advancing its interests, some compensation should be paid to Mrs. Hilda H. Bounds, widow of George C. Bounds, as recognition in part of the great contributions made by her husband to the success of the business, and as additional compensation for services rendered over many years by her late husband, he suggested that an appropriate resolution to that end might be offered at this time. Upon motion duly made and seconded the following Resolutions were unanimously adopted:

"Resolved: That the Corporation pay to Mrs. Hilda H. Bounds, widow of George C. Bounds, deceased, as recognition in part of the great contribution made by George C. Bounds to the success of the business of the Corporation, and, as additional compensation for services rendered to the Corporation by George C. Bounds during his lifetime, the sum of Twenty Thousand Dollars ($20,000.00) per year, payable quarter yearly on the first day of January, April, July and October of each year, beginning on January 1, 1952 and ending on October 1, 1953.

" * * * * * * "

Pursuant to the quoted resolution, taxpayer received from the corporation payments amounting to $20,000 during the calendar year 1952. She included those payments in her federal income tax return for that year, on which she reported and paid a total income tax of $8,463.73. The corporation recorded the payments on its books as compensation to officer's widow and claimed the deduction thereof as business expense in its federal income tax returns for the fiscal years ended June 30, 1952, and June 30, 1953. Neither the corporation nor the taxpayer filed a federal gift tax return. At all times during the year 1952 the earnings and surplus of the corporation exceeded the amounts paid to taxpayer from time to time.

The principal question to be decided is whether the payments to taxpayer during 1952 constituted taxable income to her under sec. 22(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(a), or were gifts under sec. 22(b)(3).[1] The fact that they were voluntary and could not have been enforced by action does not necessarily render them gifts within the meaning of sec. 22(b)(3). Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 730, 49 S.Ct. 499, 73 L.Ed. 918; Bausch's Estate v. Commissioner, 2 Cir., 186 F.2d 313, 314.[2] If they were "compensation for personal services" they were taxable under the express terms of sec. 22(a), Bausch's Estates, supra, 186 F.2d at page 314, even though the services were rendered by someone other than the payee. Varnedoe v. Allen, 5 Cir., 158 F.2d 467; Fisher v. United States, D.C.D.Mass., 129 F.Supp. 759, 762.

At one time the Commissioner held that a payment by an employer to the widow of a deceased employee, made without any enforceable obligation, was not taxable to the widow. I.T. 3329, C.B. 1939-2, p. 153. He said: "The amounts constitute gifts to B [a widow] and are therefore not taxable income to her with respect to the sum received by her in 1938. The fact that it is termed 'pension' does not exclude it from consideration as a gift since the terms 'pension' and 'gift' are not mutually exclusive. When an allowance is paid by an organization to which the recipient has render-ed no service, the amount is deemed to be a gift or gratuity and is not subject to income tax in the hands of the recipient". At the same time the Commissioner ruled that such payments were deductible by the employer when paid in recognition of services rendered by the deceased employee.

This anomalous situation was changed in 1950, when the Commissioner modified I.T. 3329 by a new ruling, holding that the essential factor is whether the payments are made "in consideration of services rendered by the officer or employee". I.T. 4027, 1950-2, C.B. p. 9. That ruling states: "It is the position of the Bureau that irrespective of a 'plan', voluntary or involuntary, definite or indefinite, payments of the type herein considered constitute taxable income, and it is held that payments made by an employer to the widow of a deceased officer or employee, in consideration of services rendered by the officer or employee, are includible in the gross income of the widow for Federal income tax purposes." To protect persons who had acted in reliance on I.T. 3329, it was specifically provided that I.T. 4027 should not apply to payments received before January 1, 1951.

In the instant case taxpayer contends that I.T. 3329 was right and that I.T. 4027 is wrong, and cites a number of cases in the Tax Court and in district courts holding that certain payments were gifts, not taxable as income. In none of those cases, however, did the

---

1. In 1952 the pertinent parts of sec. 22 read as follows: "*General definition.* 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * * *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * * *Gifts, bequests, devises, and inheritances.* The value of property acquired by gift, bequest, devise, or inheritance."

2. Everyone agrees that payments made pursuant to an enforceable obligation are taxable. See e. g. Flarsheim v. United States, 8 Cir., 156 F.2d 105; Varnedoe v. Allen, 5 Cir., 158 F.2d 467; Suter v. United States, 42-2 U.S.T.C.Rep., C.C.H., para. 9523, 30 A.F.T.R. 1618; Rodner v. United States, D.C.S.D.N.Y., 149 F.Supp. 233, 235.

corporate officers or directors state that the payments were made as additional compensation for personal services rendered to the corporation by the deceased. And in each of those cases the court found as a fact that the corporation had intended the payments to be a gift, a gift in recognition of the former services perhaps, but not additional compensation for such services. The distinction is important. Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32, both majority and dissenting opinions; Bausch's Estate v. Commissioner, supra. It is recognized even in Rodner v. United States, D.C.S.D.N.Y., 149 F.Supp. 233, plaintiff's strongest case, in which Judge Dimock said, referring to Bogardus v. Commissioner, supra: "The Court remarked, 302 U.S. on page 43, 58 S.Ct. on page 65, that the facts indicated that the intention of the persons who decided that the payments should be made 'was to make gifts in recognition of, not payments for, former services'." 149 F.Supp. at page 235.

In Bausch's Estate v. Commissioner, supra, Judge Augustus N. Hand noted that "the correctness of the ruling as to widows in I.T. 3329 would seem doubtful if applied to all cases". 186 F.2d at page 314. And in Fisher. v. United States, supra, Judge Ford said: "So far as I.T. 4027 holds that payments may be compensation if made in consideration of services to the payor, even though these services were rendered by someone other than the recipient, it is merely declaratory of existing law. Bausch's Estate v. Commissioner of Internal Revenue, supra; Varnedoe v. Allen, 5 Cir.,

158 F.2d 467." 129 F.Supp. at page 762.

The resolution of the board of directors in the instant case was evidently prepared by an attorney, certainly by someone who wanted to be quite certain that the corporation would be allowed to treat the payments as deductions in computing its corporate income taxes. To that end the resolution specified clearly that the payments were to be made not only "as recognition in part of the great contributions made by George C. Bounds to the success of the business", but also "as additional compensation for services rendered to the Corporation by George C. Bounds during his lifetime". There was no suggestion that the payments were intended to be gifts. I conclude that the payments were intended to be and were additional compensation for services to the corporation rendered by taxpayer's deceased husband, and are taxable as ordinary income.

■ The government urges as an alternative point that the payments were dividends; that distributions of earnings by a corporation to its stockholders are dividends as a matter of law, regardless of what they are called, the directors' intent in providing for them, or the underlying purpose for which they are made.[3]

The payments in the instant case, however, were not made to stockholders generally, nor to a majority stockholder or group of stockholders. Perhaps there is some understanding, tacit or otherwise, that a similar payment will be made to the widow or other beneficiaries of the other founder-officer-stockholder upon

3. Sec. 115(a) of the I.R.C.1939, 26 U.S. C.A. § 115(a), defines "dividend" as follows: "The term 'dividend' when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year * * *." Treasury Regulations 118, sec. 39.115 (a)–1, states: "(c) The term 'dividend' does not include distributions under section 115(c), relating to distributions in liquidation, section 115(e), relating to distributions by personal service corporations, or section 115(f), relating to stock dividends, or certain distributions by insurance companies. In all other cases the term includes any distribution to shareholders to the extent made out of accumulated or current earnings or profits."

**232**

his death. But there is no evidence of such an understanding, and it should not be inferred from the stipulated facts. On the facts in this case it would be as improper to treat the payments as a dividend, taxable to the widow but not deductible by the corporation, as it would be to treat them at a gift, deductible by the corporation but not taxable to the widow. The decision dictated by the facts is also the fair and reasonable decision, that the payments are deductible by the corporation and taxable as ordinary income to the recipient. Under the 1954 code taxpayer would be entitled to an exemption of $5,000 out of the total payments of $40,000, but unfortunately for her the law in 1952 did not provide for any exemption in such a case as this.

Judgment for defendant, without costs.