Irene M. Waters v. Commissioner.
Waters v. Commissioner
Docket No. 95359.
United States Tax Court
T.C. Memo 1963-252; 1963 Tax Ct. Memo LEXIS 93; 22 T.C.M. (CCH) 1258; T.C.M. (RIA) 63252; September 16, 1963
J. Cyril LaTulippe, 26 Bedford St., Fall River, Mass. *94 , for the petitioner. Sanford S. Neuman, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined that a deficiency in the income tax of petitioner exists for the taxable year 1960 in the amount of $441.86. Petitioner makes claim for overpayment of income tax for the same year in the amount of $847.18 The sole issue is whether certain payments made to petitioner by the State of Massachusetts during 1960 are excludable from her taxable income as gifts. Findings of Fact All of the facts have been stipulated by the parties and we adopt the stipulation as our findings of fact. For the taxable year 1960, petitioner Irene M. Waters filed her individual Federal income tax return (Form 1040) with the district director of internal revenue, Boston, Massachusetts. Petitioner is the widow of Andrew E. Waters who died on August 8, 1958. Prior to his death he had been employed by the Commonwealth of Massachusetts for more than 30 years and had served with the United States Army from April 17, 1917 until July 28, 1919. Chapter 32 of the Massachusetts General Laws provides for various pension payments and death benefits *95 for its employees. Section 58 of this chapter provides for the payment of a pension to veterans of the Armed Forces who have been employed by the Commonwealth of Massachusetts for a period of 30 years or more. Section 58 B provides, inter alia, that if an employee entitled to the pension provided by section 58 dies before applying for retirement under this section, his widow would receive an annual allowance consisting of two-thirds of the actuarial equivalent to which said employee would have been entitled. The statute further provides that if the deceased employee was a member of a retirement system established under other sections of chapter 32, payment is to be made under those sections unless claim is made of the appropriate retiring anthority for the pension provided for by section 58 B within 90 days of the employee's death. Andrew E. Waters died prior to making application for pension payments under any of the various statutory provisions. Within 90 days after her husband's death the petitioner made application with the Massachusetts State Board of Retirement for benefits under section 9 of chapter 32 of the Massachusetts General Laws, the section relating to accidental *96 death benefits. Petitioner's application under this section was denied on January 30, 1959, since the Retirement Board found that there had been no causal relationship between Andrew's death and any injury sustained or hazard undergone by him during the course of his employment. Subsequent to the denial of her application for accidental death benefits, petitioner applied for the widows' benefits provided for in section 58 B. Since her application under this section was not made until more than 90 days from the death of her husband, it was denied. Petitioner then requested the aid of State Senator Michael LoPresti in whose district petitioner resided. He had not known the petitioner prior to her appearance in his office in 1959. Petitioner explained to the senator that her right to apply for a pension under section 58 B was barred by the 90-day period of limitation and that the Retirement Board had told her that her only remedy was to seek special legislation through her State representative or senator. Petitioner asked Senator LoPresti to introduce legislation which would permit her to reapply for benefits under section 58 B and, pursuant to her request, he submitted an act which *97 was passed by the Massachusetts Legislature in 1960. This act restored petitioner's rights under section 58 B. The act is as follows: Chapter 577. THE COMMONWEALTH OF MASSACHUSETTS
In the Year One Thousand Nine Hundred and Sixty AN ACT RESTORING CERTAIN RIGHTS UNDER THE STATE RETIREMENT LAW TO THE WIDOW OF ANDREW E. WATERS. Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows: Notwithstanding any provision of law to the contrary, Irene M. Waters of Boston, widow of Andrew E. Waters, who was a former employee of the division of registry of motor vehicles and a veteran eligible for retirement under section fifty-eight of chapter thirty-two of the General Laws, and who died on August eight, nineteen hundred and fiftyeight and prior to making application for such retirement, shall be entitled to the rights granted a surviving spouse of a veteran under the provisions of section fifty-eight B of said chapter thirty-two. Senator LoPresti had no knowledge of the petitioner's financial circumstances at the time this legislation was submitted by him. He was not motivated by feelings of affection, sympathy, *98 or charity for the petitioner. He did not intend to make a gift to her by introducing the legislation here involved. The same is true with respect to the intention of the Massachusetts Legislature in its enactment of section 58 of its General Laws Senator LoPresti's conduct in offering this legislation was a result of his obligation to petitioner as one of his constituents. Subsequent to the approval of this act petitioner reapplied to the Retirement Board for pension payments under section 58 B and her application was granted. During the calendar year 1960 petitioner received pension payments from the Commonwealth of Massachusetts totaling $2,127, which sum was not included in the computation of petitioner's gross income for that year. In addition to these pension payments the petitioner received a refund of the contributions Andrew E. Waters had made to the State retirement fund. This refund was made pursuant to the Massachusetts statute relating to benefits paid to widows of deceased State employees who had been veterans. The source of these payments to petitioner is the Treasury of the Commonwealth of Massachusetts, which is the same source from which all pension payments *99 are made under section 58. If petitioner had not been successful in applying for pension payments under section 58 B, she would have received payments in a lesser amount under other sections of Massachusetts retirement laws. Petitioner is employed by the Commonwealth of Massachusetts. Ultimate Finding Amounts received by petitioner from the State of Massachusetts under its General Laws, section 58, by reason of the death of her husband do not constitute excludable gifts. Opinion Section 61(a)(9) and (11) of the Internal Revenue Code of 1954 provides that "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: * * * Annuities; * * * Pensions." It is here stipulated that the amounts in controversy received by petitioner under section 58 B of the Massachusetts General Laws are pension. No issue arises here relating to the taxability to petitioner of refunds made to her of her husband's contributions made to the State retirement fund in pursuance of a Massachusetts statute relating to benefits paid to widows of deceased State employees who had been *100 veterans. As we understand petitioner's brief, it is contended that the amounts paid petitioner by the State of Massachusetts are excludable from her taxable income because they constitute gifts under section 102(a) of the 1954 Code. The contention is premised upon the fact that the State Legislature by special act restored petitioner's rights to apply for pension under section 58, Massachusetts General Laws, after those rights had lapsed. The special act is set forth in our findings and discloses to use no legislative donative intent. In fact the record here does not negate the likelihood that such legislation was based upon and in consideration of the equities inherent in these circumstances. In any event, the involved payments were made to petitioner not in pursuance of the special legislation, but rather in pursuance of a statutory obligation which arose under long standing general State legislation. It is clear to us that under section 58 B the Massachusetts Legislature provided benefits to petitioner which are based upon and in consideration of her deceased husband's 30 years of past services rendered to the State, were not motivated by a donative intent, and are therefore *101 not gifts to her. Anna E. Curtis, 8 T.C. 266; Varnedeo v. Allen, 158 F. 2d 467. Petitioner's alternative contention appears to be that the payments here in controversy are excludable from her gross taxable income under section 121(a) of the 1954 Code as being in the nature of veteran's bonus. As we have before noted, these payments are stipulated to be pension. This alone prevents a holding that they constitute a bonus of any kind for the two terms are not, in the present context, synonymous. A bonus, while it may be compensatory in nature, is nevertheless a mere grant and a veteran's bonus is not related to the services rendered an employer by an employee, but rather relates to the services rendered a nation by a citizen thereof. The pension paid petitioner was paid, not as a grant, but rather as a statutory obligation of the payor and, as we have said, was clearly compensatory in nature. It may be that the amounts refunded to petitioner which represent return of contributions to the State retirement fund made by petitioner's husband would constitute a veteran's bonus, but pension payments made because of the husband's past employment without reference *102 to his military service would not. Decision will be entered for the respondent.