SMITH & COMPANY *v.* EVANS, *et al.,* executors.

125 109
Case 2
125 603

1. Penal Code, § 490, which provides, "If any person shall bring into this State for sale, or shall buy, barter, or receive for the purpose of selling, any second-hand or cast-off clothing, he shall be punished for a misdemeanor," is only applicable to transactions relating to the purchase and sale of second-hand or cast-off clothing *imported into this State.*

2. As the defendants' special plea failed to allege that the goods, for the

purchase-price of which the suit was brought, were second-hand and cast-off clothing *imported into the State of Georgia,* and as the demurrer specifically pointed out this omission, the plea was properly stricken.

Argued February 22,—Decided March 24, 1906.

Complaint.    Before Judge Lewis.    Jasper superior court. March 28, 1905.

*A. S. Thurman,* for plaintiffs in error.

*Glawson & Fowler* and *W. S. Florence,* contra.

EVANS, J.    This was an action on an account.    By amendment to the answer filed by the defendants they alleged, that the articles embraced in the bill of particulars were second-hand and cast-off clothing which they had bought from the plaintiffs; and that the contract of sale was void, because the goods were not accompanied by a certificate from the proper officer of the board of health of the place from which they had been shipped, stating that they had been duly disinfected and that there was no danger of spreading contagious diseases, showing the character and number of the garments and the date when they were disinfected; and that no such certificate was recorded in the clerk's office of the superior court of the county where the clothing was offered for sale and before the offer of sale was made.    In the amendment it was further alleged, that it was a misdemeanor for any person to buy, barter, or receive any second-hand clothing for the purpose of selling the same, without complying with the law regulating the sale of such articles, and that the plaintiffs had not, at the time of the sale of the goods to the defendants, complied with the requirements of the statute regulating the sale of second-hand and cast-off clothing, and knew that the defendants were buying and receiving the goods for the purpose of illegally reselling the same.    The plaintiffs demurred to the amended answer of the defendants, on the ground that the same set forth no defense, because it failed to allege that the goods had been imported into this State for sale.    The court sustained the demurrer, and, on proof of the account, directed a verdict for the plaintiffs.    The defendants sued out a bill of exceptions, assigning error upon the direction of the verdict and upon the striking of their special defense.

The sole point presented by this record involves a construction of the Penal Code, §§490, 491: "If any person shall bring into this State for sale, or shall buy, barter, or receive for the purpose of

selling, any second-hand or cast-off clothing, he shall be punished as for a misdemeanor." "The foregoing section shall not apply to second-hand clothing which shall be accompanied by a certificate from the proper officer of the board of health of the place from which such clothing may have been shipped, stating that it has been properly disinfected, that there is no danger from it of spreading contagious diseases, and giving the character and number of garments and the date when they were disinfected, which certificate shall be recorded in the clerk's office of the superior court of the county where the clothing is offered for sale and before the offer is made." These sections are a codification of the act approved October 15, 1885. Acts of 1884-5, p. 137. The first section of that act provides that "it shall be unlawful for any person or persons to import into the State of Georgia, for the purpose of sale, any second-hand or cast-off clothing." The second section makes it "unlawful for any person or persons to buy, barter, or receive for the purpose of selling, any *such* second-hand or cast-off clothing." The Penal Code, §490, embraces all of the 1st section of the act and that part of the 2d section which precedes the proviso, which is contained in the Penal Code, §491. It will be observed that the word "such," italicized above, is omitted in the codification. Had the code section contained this word, it is clear that the buying, bartering, or receiving for sale of second-hand or cast-off clothing would have reference only to such clothing as might be brought into this State for the purpose of sale. It is contended that the effect of this omission is to create two offenses: one committed by bringing second-hand clothing into the State for sale without complying with the statutory requirements, and the other by buying, bartering, or receiving for sale any second-hand clothing in this State, independently of the fact of importation from beyond the limits of the State.

This is a criminal statute and must be strictly construed. It is uncertain from the manner in which the act was codified in section 490 whether or not the buying, bartering, or receiving for the purpose of sale, of second-hand or cast-off clothing was limited to such clothing as might be brought into the State for sale. The exception embraced in section 491, while not limited in express words to clothing shipped from beyond the borders of this State, would seem to have peculiar application to shipments brought into the State.

"In the codification of the laws it is almost impossible to go into all the details of the different statutes codified. Where the code sections are incomplete or ambiguous, they must be construed in connection with the original acts." *Bacon* v. *Jones,* 116 *Ga.* 139. To the same effect, see *Lamar* v. *McLaren,* 107 *Ga.* 599; *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 768-770, and cit. When we look to the original act, it becomes manifest that the legislature only intended to prohibit the sale of second-hand or cast-off clothing imported into this State without inspection, and to require proper evidence of inspection to be recorded. The act of 1885 has the following preamble: "Whereas, the practice of importing second-hand or cast-off clothing into the State for sale has grown to such an extent that the sanitary condition of the State is endangered thereby, therefore," etc. While the preamble is not, strictly speaking, any part of the act itself, yet where the body of an act is ambiguous or uncertain, resort may be had to its preamble for the purpose of ascertaining the legislative intent. *Eastman* v. *McAlpin,* 1 *Ga.* 157; *Price* v. *Bradford,* 5 *Ga.* 370; *Johnson* v. *Reese,* 31 *Ga.* 605. The intention of the General Assembly is still more apparent from the title of the act, which is: An act "to prevent the importation of second-hand or cast-off clothing into the State of Georgia, and the sale of the same." A statute is never to be construed in a way such as will render it unconstitutional, if it will admit of another construction under which it may be constitutionally upheld. Our constitution declares that no law shall pass which contains matter different from what is expressed in the title thereof. Civil Code, §5771. The title of the act of 1885 is confined to the importation into the State of second-hand or cast-off clothing and the sale of the "same,"—that is, the sale of such clothing of that character as may be imported into this State. By giving the statute the interpretation that only the buying, bartering, or receiving for sale, without inspection as prescribed, of second-hand or cast-off clothing imported into the State, was intended to be prohibited, the act will not be obnoxious to the constitutional provision just mentioned, and full effect can be given to all the words of the statute. The purpose of the legislature, as therein expressed, was not changed by the codification of the act, though without reference to it the meaning of the provisions of the Penal Code, §§490, 491, is not altogether clear.

As the defendants' special plea failed to allege that the goods, for the purchase-price of which suit was brought, were second-hand and cast-off garments imported into the State of Georgia, and the demurrer specifically pointed out this omission, the plea was properly stricken; and as no evidence was offered in support of any other defense relied on, the court did not err in directing a verdict for the proved value of the goods.

*Judgment affirmed. All the Justices concur.*