SUMTER COUNTY *v.* ALLEN, clerk; *et vice versa.*

Nos. 13937, 13941. NOVEMBER 12, 1941.

*Dykes, Bowers & Dykes,* for plaintiff.

*Hubert F. Rawls,* for person at interest.

*R. L. Maynard, R. L. LeSueur, W. E. Smith,* and *Fort & Fort,* for defendant.

BELL, Justice. We consider first the main bill of exceptions.

It is a well-established rule of judicial procedure that the constitutionality of a statute will not be decided, if the case can be properly determined without deciding such question. *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (3) (159 S. E. 863) ; *Moore* v. *Bell,*

186 *Ga.* 583 (2) (198 S. E. 711). It is also the rule that if a statute is reasonably susceptible of two constructions, one harmonizing it with the constitution and the other rendering it unconstitutional, the former construction is generally to be preferred. *Smith* v. *Evans,* 125 *Ga.* 109, 112 (53 S. E. 589) ; *Fordham* v. *Sikes,* 141 *Ga.* 469 (81 S. E. 208). In the instant case we are of the opinion that, regardless of its constitutionality, a proper *construction* of the act of 1933 required the judgment sustaining the general demurrer and dismissing the action. The question as to construction is whether the act applied to Sumter County after its population fell below 26,750 according to the United States census of 1940. While the question was raised by ground 5 of the demurrer and that particular ground was overruled, it also inhered in grounds 1 and 2, contending in general terms that the petition did not state a cause of action, both these grounds having been sustained.

It is conceded in the briefs that the population of Sumter County is less than the minimum stated in the act, according to the census of 1940. Independently of this, however, and irrespective of any question as to judicial notice (cf. *Fidelity & Deposit Co.* v. *Smith,* 35 *Ga. App.* 744, 746, 134 S. E. 801), the petition, construed most strongly against the pleader, discloses the fact. It recites the defendant's contention that the act is not now applicable to Sumter County, for the reason that according to such census the population has "fallen below the minimum prescribed," and contains no denial of such statement of fact as to population. In *James* v. *Maddox,* 153 *Ga.* 208 (3) (111 S. E. 731), it was held : "Ordinarily the plaintiff, in his petition, need not anticipate or negative a possible defense. Where, however, such defense is anticipated, it must be effectually avoided, or the complaint is bad." So the petition here must be construed as showing affirmatively that the population of Sumter County is now less than the prescribed minimum; and if this does as a matter of law render the statute inapplicable, the action was properly dismissed under grounds 1 and 2 of the defendant's demurrer.

The intent of this act was to classify counties on basis of population, for the purpose of changing the system of compensation to clerks of the superior courts, as it then existed in such counties under general laws. As indicated in section 1, the class was to be

composed of counties having a population of 26,750 to 27,750, inclusive, according to the United States census of 1930 or according to any subsequent United States census.

The constitution provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Code, § 2-401. In *Stewart* v. *Anderson,* 140 *Ga.* 31, 33 (78 S. E. 457), this court had under consideration a statute which purported to classify counties in relation to method of compensating county officers. In the opinion it was said: "The legislature may make classification for purposes of legislation and pass general laws with reference to such classes. They may classify counties. The basis of classification must have some reasonable relation to the subject-matter of the law, and must furnish a legitimate ground of differentiation. Mere arbitrary discriminations are not permissible under the constitution. If a legitimate classification is made with respect to persons, the law must be applicable to all persons within the class or coming within the class. If the classification is sought to be made with reference to counties, and the basis of classification is legal, the law must apply to all counties within the class, or which may come within the class. The legislature could not constitutionally classify one county by itself. There must be some reasonable basis of classification, so that all which fall within the class may come within the scope of the provisions of the law. Although the act may purport to make a classification of counties for purposes of legislation, yet if the so-called class is so hedged about and restricted that the act applies only to one county, and that other counties coming within the class provided can not also come within the purview of the law, it is in fact a local or special act and not a general one." In *Futrell* v. *George,* 135 *Ga.* 265 (69 S. E. 182), there was an attempted classification of counties having a population between 7,000 and 8,000, or between 13,700 and 14,000 or between 16,000 and 21,000 as shown by the United States census for 1900; and it was sought to vary the general road law by such an act. It was patent that the description included only a few counties under the census of 1900, and that other counties which might at any time thereafter have a population within the limitations stated could not come within the provisions of the act. It was accordingly held unconstitutional.

In the instant case, any conclusion to the effect that Sumter County is now subject to the act of 1933, merely because its population was within the prescribed limits under the census of 1930, would ignore the provision as to "any subsequent United States census," and determine its status just as though no such provision was contained in the statute. If classification should be thus fixed unchangeably by the particular census, the county or counties might as well have been specified by name, since they could be readily identified by such description, and would be hedged thereby. Any such construction would render the act special, and repugnant to the constitutional provision contained in the Code, § 2-401, as quoted above. *Futrell* v. *George,* supra; *Reynolds* v. *Hall,* 154 *Ga.* 623 (2) (114 S. E. 891); *Medders* v. *Stewart,* 172 *Ga.* 507 (158 S. E. 56); *Marbut* v. *Hollingshead,* 172 *Ga.* 531 (2) (158 S. E. 28); *Gibson* v. *Hood,* 185 *Ga.* 426 (195 S. E. 444); *Hoover* v. *Brown,* 186 *Ga.* 519 (198 S. E. 231). Since it should be presumed, prima facie, that no such unconstitutional result was intended by the lawmaking body, and an intention to that effect does not clearly appear, the necessary conclusion is that the purpose of this statute was to classify counties, not according to any particular Federal census, but simply by the last preceding census, at any given time.

If, in order to be valid, a classification by population must open to let in counties subsequently falling within the class, so also it must open to let out a county which either by increase or decrease according to the last census ceases to have the required population. Otherwise no constitutional classification could be maintained. See, in this connection, 12 Am. Jur. 146-7, § 479. Accordingly, under a correct construction of this statute, the words "any subsequent United States census" must be applied and given effect in determining the status of Sumter County; and since the population of this county fell below the prescribed minimum of 26,750 according to the census of 1940, the act is not now applicable to it.

Whether this conclusion would follow from a strict, grammatical construction of the statute, it accords with the principle that the intention of the legislative body, as it manifestly appears in a statute, must be carried into effect, although the precise and literal sense of the terms might be different. *Erwin* v. *Moore,* 15 *Ga.* 361; *Demere* v. *Germania Bank,* 116 *Ga.* 317, 318 (42 S. E. 488);

*Board of Tax-Assessors* v. *Catledge,* 173 *Ga.* 656 (2) (160 S. E. 909) ; *Evans* v. *Evans,* 190 *Ga.* 364 (9 S. E. 2d, 254) ; *Carroll* v. *Ragsdale,* 192 *Ga.* 118 (15 S. E. 2d, 210) ; *State Revenue Commission* v. *Alexander,* 54 *Ga. App.* 295, 297 (187 S. E. 707).

The court properly sustained grounds 1 and 2 of the general demurrer and dismissed the action. In this view, it is unnecessary to pass upon other questions raised by the main bill of exceptions, or to rule upon the assignments of error contained in the cross-bill.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*