BRUNSWICK PENINSULAR CORPORATION
*v.* DAUGHARTY.

No. 16085. MARCH 19, 1948.

*Joseph W. Dukes* and *J. B. Copeland,* for plaintiff.
*Downing Musgrove* and *Sapp & Ewing,* for defendant.

BELL, Justice. Brunswick Peninsular Corporation filed a suit in the Superior Court of Ware County against I. Daugharty to

recover lots of land Nos. 37 and 38, which the petition alleged "are now located in the Twelfth Land District of Ware County, Georgia."

The petitioner based its claim of title upon two alleged certificates of title, one as to each lot, issued to the plaintiff by the Clerk of the Superior Court of Ware County, Georgia, on July 8, 1947, under the Land Registration law. The court sustained a general demurrer and dismissed the petition; and to this judgment the plaintiff excepted.

The suit is a plain action at law, seeking no other relief except recovery of the land, and as we view it, the only question now for determination is one of venue and jurisdiction as between Ware and Clinch Counties.

By an act approved February 14, 1850 (Ga. L. 1850, p. 126), the General Assembly created a new county from the Counties of Ware and Lowndes, to be called the County of Clinch, in which act boundary lines of the new county were stated, and although no land lots were named, it is conceded on both sides that under the terms of this act the two lots of land here in controversy were left in the County of Ware. But in 1927, the General Assembly passed another act, to fix and define the boundary line between the Counties of Clinch and Ware "from the mouth of Cane Creek southward to the Florida line, and for other purposes." Ga. L. 1927, p. 545. It is conceded by the plaintiff in error that, under the terms and provisions of this act, if it should be treated as valid, these lots would now be located in the County of Clinch. The plaintiff in error insists, however, that this act is unconstitutional as being repugnant to the constitutional provisions (1877), that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law" (Code, § 2-401), and that "County lines shall not be changed, unless under the operation of a general law for that purpose." Code, § 2-8204. But it does not appear in the record that any attack whatever was made upon this statute in the trial court, or that any question as to its validity was there adjudicated.

All statutes are presumed to be constitutional until the con-

trary appears, and it is the well-established general rule that "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Brown* v. *State*, 114 *Ga.* 60 (2) (39 S. E. 873). See also, in this connection, *Laffitte* v. *Burke*, 113 *Ga.* 1000 (39 S. E. 433); *Spielberger* v. *Hall & Co.*, 159 *Ga.* 511 (126 S. E. 391); *Yarbrough* v. *Georgia Railroad & Banking Co.*, 176 *Ga.* 780 (1) (168 S. E. 873); *Stegall* v. *Southwest Ga. Regional Housing Authority*, 197 *Ga.* 571 (1a) (30 S. E. 2d, 196); *Boyers* v. *State*, 198 *Ga.* 838, 843 (33 S. E. 2d, 251); *Singleton* v. *State*, 196 *Ga.* 136 (1), 140 (26 S. E. 2d, 736); *Price* v. *State*, 202 *Ga.* 205 (42 S. E. 2d, 728).

So, in the present case, we must assume that the act of 1927 is a valid and constitutional statute, and that, in view of it, these two lots of land are situated in Clinch County instead of Ware. We do not overlook the argument of counsel for the plaintiff in error, based upon *Stanford* v. *Bailey*, 122 *Ga.* 404 (50 S. E. 161), to the effect that, in considering the question as to the boundary of a county, the courts are bound to notice judicially, among other things, *the effect* of all legislative enactments creating the counties and fixing the boundary lines thereof. It is insisted that, if the act of 1927 is in fact unconstitutional, the court should take judicial notice of its invalidity and thereupon hold that its provisions are without effect. To adopt this line of reasoning would be contrary to the decisions to which reference has just been made and others to the same effect which might be cited. It follows that in dealing with the present case, we must treat the act of 1927 as valid, and give effect to its terms accordingly. This conclusion accords with what was stated in *Stanford* v. *Bailey*, supra.

■ "Cases respecting titles to land shall be tried in the county where the land lies, except where a single tract is divided by a county line, in which case the superior court of either county shall have jurisdiction." (Constitution.) Code (Ann. Supp.), §§ 2-4302, 2-4902. See also Code, § 3-203. Thus, on the face of the petition, and in view of the act of 1927, placing these lands in Clinch County, it appears that the Superior Court of Ware

County would be without jurisdiction to try and determine any issue respecting title to such lands, and that any judgment which might be rendered in the case on the merits would be void for want of jurisdiction. See, in this connection, *Beverly* v. *Burke*, 9 *Ga.* 440 (9) (54 Am. D. 351); *Central Bank of Georgia* v. *Gibson*, 11 *Ga.* 453; *Kelly* v. *Tate*, 43 Ga. 536; *Bird* v. *Trapnell*, 147 *Ga.* 50 (4) (92 S. E. 872); *Hall* v. *Almond*, 164 *Ga.* 138 (137 S. E. 825).

It follows that the court did not err in sustaining the general demurrer and dismissing the petition. *Ruis* v. *Lothridge*, 149 *Ga.* 474 (2) (100 S. E. 635); *Cone* v. *Davis*, 179 *Ga.* 749 (4) (177 S. E. 558); *Mullally* v. *Mullally*, 199 *Ga.* 708 (2) (35 S. E. 2d, 199).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*