21583. HILL v. BUSBIA.

ARGUED MARCH 12, 1962—DECIDED APRIL 5, 1962—
REHEARING DENIED APRIL 20, 1962.

*Cumming, Nixon, Eve, Waller & Capers,* for plaintiff in error. *Hull, Willingham, Towill & Norman, W. Hale Barrett, Harris, Chance, McCracken & Harrison,* contra.

DUCKWORTH, Chief Justice. The petition shows that petitioner is the owner of land situated within the zoned area in which the defendant's land here involved is located, and it thus appears that she is entitled to seek injunctive relief to prevent a use of defendant's land which violates the zoning ordinance. *Snow v. Johnston,* 197 Ga. 146 (28 SE2d 270). The defense to the action is two-fold: (1) the zoning ordinance is not being violated, and (2) if the use being made of defendant's land offends the zoning ordinance, the ordinance is unreasonable and is unconstitutional and void; and in either event the petition shows no grounds for the relief sought. There is no dispute that the property is being used as alleged in the petition, and the dispute is as to whether or not it is permissible in view of the zoning ordinance.

Since it is the established rule that this court will never decide a constitutional question if the case can be decided on other grounds (*Taylor v. Flint,* 35 Ga. 124 (3); *Powers v. Wren,* 198 Ga. 316, 31 SE2d 713; *Todd v. State,* 205 Ga. 363, 53 SE2d 906), we must first decide whether terms of the zoning ordinance allow the use which is admittedly being made of the lot in question. In deciding this question we must adhere to the rule that every law must be given an interpretation, if its terms will permit, that renders it valid rather than invalid. *Smith & Co. v. Evans,* 125 Ga. 109, 112 (53 SE 589); *DeWitt v. Richmond County,* 192 Ga. 770, 773 (16 SE2d 579), and cases cited therein. Any construction that would cause the ordinance to destroy all uses thereof is equivalent to complete destruction of property which would be taking or injuring without first paying therefor, and is inhibited by the Constitution (*Code Ann.* §§ 2-301, 2-102; Const. of 1945) as well as due process which is guaranteed by the Fourteenth Amendment of the Federal Con-

stitution (*Code* § 1-815). This constitutional question was properly raised and was before the court when the judgment denying an interlocutory injunction was rendered, and it is that judgment that is here for review.

We proceed to a consideration of the relevant portions of the zoning ordinance and the evidence relating thereto. The ordinance requires the set back from the street on which it fronts a distance which is the average set back line of existing structures, and the evidence shows that average as relates to this case to be 58 feet 6 inches. The evidence further shows that the set back of the building complained of is only 25 feet. But it further shows that it is a "lot of record" as mentioned in the ordinance, which is only 77.23 feet in depth, and to require a set back line of 58.6 feet, which is the average, there would be left only 18 and a fraction feet on which to build. The ordinance requires a rear yard of not less than 20% of the depth of the lot, and that lots of record having a width of 55 feet or less must have side yards of 5 feet. It is obvious that a residence conforming to these requirements could not be erected on defendant's lot which is 40 feet by 77.23 feet. Sec. 3-1 of the ordinance provides that "Except as hereinafter provided" no building shall be erected unless it conforms to the requirement as to set back and area of the zone in which it is located. Thereinafter Sec. 3-3 provides that "Lots of record at the time of enactment of this ordinance and resolution, which have less than the minimum requirements for R zone may nevertheless be used for uses permitted in respective zone. All other lots in an R zone shall be in accordance with the respective zone requirements." The lot here involved is a lot of record as defined in the ordinance.

Sec. 3-3 clearly and expressly excepts defendant's lot and others of record from requirements of the ordinance and expressly subjects all other lots to the requirement. Therefore, the lot is immune from the requirements, and specifically permitted to be "used for uses permitted" by the ordinance. This does not say some but not all such uses, and consequently it is construed to include all such uses. Since admittedly a use permitted by the ordinance is the erection of a dwelling house, and since

that is precisely the use being made of it, and since the only relief sought is to enjoin that use, the judgment denying the injunction was demanded.

*Judgment affirmed. All the Justices concur.*