# Court of Appeals of the State of Georgia

ATLANTA,  February 06, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0283. GLYNN COUNTY SCHOOL DISTRICT v. BRUNSWICK-GLYNN COUNTY JOINT WATER AND SEWER COMMISSION.**

In the above-styled appeal, Glenn County School District (the "District") appeals the trial court's grant of summary judgment to Brunswick-Glynn County Joint Water and Sewer Commission (the "Commission") in its action to collect water and sewer debt-recovery charges owed to it by the District, but that the District has refused to pay since 2014. On appeal, the District argues that the trial court's ruling that it was not exempt from pay these charges and ordering it to pay $131,836.24 to the Commission violated certain constitutional provisions.[1] But we lack jurisdiction to consider the constitutional questions presented in this appeal.

---

[1] Specifically, the District argues that it is exempt from paying the debt-recovery charges under Ga. Const. art. VIII, § 6, ¶ 1 (b) and Ga. Const. art. IX, § 5, ¶ 1. The District also asserts related statutory claims, but of course, appellate courts "have a duty to construe a statute in a manner which upholds it as constitutional, if that is possible." *Freeman v. State*, 302 Ga. 181, 182 (1) (805 SE2d 845) (2017) (punctuation omitted).

Indeed, the Supreme Court of Georgia has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."[2] Additionally, our Supreme Court has

> interpreted this jurisdictional provision to extend only to constitutional issues . . . that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack.[3]

Put another way, our Supreme Court has held that

> [t]he Court of Appeals has limited jurisdiction to review constitutional questions. It has jurisdiction over cases that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or *under the decisions of the Supreme Court of Georgia* or the Supreme Court of the United States.[4]

Here, although our Supreme Court has construed and applied the constitutional

---

[2] *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

[3] *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted; emphasis supplied); *see City of Atlanta v. Columbia Pictures Corp.*, 218 Ga. 714, 719 (4) (130 SE2d 490) (1963) (explaining that the Supreme Court of Georgia "will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge").

[4] *Davis*, 303 Ga. at 687-88 (1) (emphasis).

provisions at issue in several cases involving whether schools were prohibited from using school funds to pay various kinds of expenses, it has *not* addressed whether those provisions exempt a school district from paying the water and sewage debt-recovery charges. Because the Supreme Court has not addressed the particular constitutional questions presented in this appeal, we cannot say that those issues are unquestioned and unambiguous, and under such circumstances, we lack jurisdiction to consider them. Thus, we hereby transfer this appeal to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/06/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*