# Court of Appeals
# of the State of Georgia

ATLANTA,  April 29, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1087. JONES v. THE STATE.**

In the above-styled appeal, Jacob Daniel Jones challenges his three convictions for sexual battery against a child under the age of 16 in violation of OCGA § 16-6-22.1. On appeal, Jones argues, *inter alia*, that his convictions should be reversed because that statute, as applied to an 18-year old defendant and a 15-year old victim violates the Fifth, Sixth, Eighth, and Fourteen Amendments to the United States Constitution, as well as Article I, Section I, Paragraphs I, II, and XVII of the Georgia Constitution. But we lack jurisdiction to consider the constitutional questions presented in this appeal.

Indeed, the Supreme Court of Georgia has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."[1] Additionally, our Supreme Court has

> interpreted this jurisdictional provision to extend only to constitutional
> issues . . . that do not involve the application of unquestioned and

---

[1] *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack.[2]

Put another way, our Supreme Court has held that

> [t]he Court of Appeals has limited jurisdiction to review constitutional questions. It has jurisdiction over cases that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States.[3]

Here, it appears that the Supreme Court of Georgia has not ruled on the precise constitutional questions presented as applied to the facts of this case. Furthermore, a review of Jones's motion for a new trial shows that, while not as detailed as his enumeration on appeal, Jones did allege that his convictions violated both the United States and Georgia Constitutions. The trial entered an order, summarily denying all of the claims raised in Jones's motion for a new trial without elaborating on its reasoning. Because the Supreme Court has not addressed the particular constitutional

---

[2] *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted; emphasis supplied); *see City of Atlanta v. Columbia Pictures Corp.*, 218 Ga. 714, 719 (4) (130 SE2d 490) (1963) (explaining that the Supreme Court of Georgia "will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge").

[3] *Davis*, 303 Ga. at 687-88 (1).

questions presented in this appeal, we cannot say that those issues are unquestioned and unambiguous, and under such circumstances, we lack jurisdiction to consider them. Thus, we hereby transfer this appeal to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,   04/29/2019*
       *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
       *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ *, Clerk.*