# Court of Appeals
# of the State of Georgia

ATLANTA, _June 26, 2020_

*The Court of Appeals hereby passes the following order:*

**A20A0907.  PEARSON v. THE STATE.**

Gregory C. Pearson appeals from his convictions on five counts of armed robbery, six counts of possession of a firearm during the commission of a felony, two counts of burglary, and one count of aggravated assault. On appeal, Pearson argues, *inter alia*, that his convictions should be reversed because OCGA § 17-8-5, as applied to him when he is represented by new counsel on appeal, violates the Fifth, Sixth, and Fourteen Amendments to the United States Constitution, as well as Article I, Section I, Paragraphs I of the Georgia Constitution. But we lack jurisdiction to consider the constitutional questions presented in this appeal.

Indeed, the Supreme Court of Georgia has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."[1] Additionally, our Supreme Court has

> interpreted this jurisdictional provision to extend only to constitutional
> issues . . . that do not involve the application of unquestioned and

---

[1] *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack.[2]

Put another way, our Supreme Court has held that

> [t]he Court of Appeals has limited jurisdiction to review constitutional questions. It has jurisdiction over cases that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States.[3]

Here, it appears that the Supreme Court of Georgia has not ruled on the precise constitutional questions presented as applied to the facts of this case. Furthermore, a review of Pearson's motion for a new trial shows that he did allege that his convictions violated both the United States and Georgia Constitutions. The trial entered an order, summarily denying all of the claims raised in Pearson's motion for a new trial without elaborating on its reasoning. Because the Supreme Court has not addressed the particular constitutional questions presented in this appeal, we cannot

---

[2] *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted; emphasis supplied); *see City of Atlanta v. Columbia Pictures Corp.*, 218 Ga. 714, 719 (4) (130 SE2d 490) (1963) (explaining that the Supreme Court of Georgia "will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge").

[3] *Davis*, 303 Ga. at 687-88 (1).

say that those issues are unquestioned and unambiguous, and under such circumstances, we lack jurisdiction to consider them. Thus, we hereby transfer this appeal to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__06/26/2020_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*