# Court of Appeals of the State of Georgia

ATLANTA,  March 30, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0100. REYES v. THE STATE.**

In the above-styled appeal, Jaime Reyes—who was an undocumented immigrant at the time—pleaded guilty to several offenses arising from a fatal car accident that occurred while he was driving under the influence of alcohol; and he received a 15-year total sentence for those offenses. Reyes's sole argument is that the trial court violated his federal and state constitutional rights to due process and equal protection because it based his sentence on his ethnicity, alienage, and national origin.[1]

---

[1] *See Trujillo v. State*, 304 Ga. App. 849, 852-53 (2) (698 SE2d 350) (2010) (noting that while "Georgia courts are vested with broad discretion when determining the appropriate sentence to impose upon a criminal defendant, and it is the duty of the trial court to exercise that discretion as to all aspects of the sentence that it imposes," that discretion must "nonetheless be exercised within the perimeters of the Fourteenth Amendment, which protects all 'persons'—including those residing in this country illegally—from invidious governmental discrimination based solely upon their immigration status." (citations omitted)); U.S. Const. amend. XIV, § 1 ("All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."); Ga. Const. Art. 1, § 1, ¶ I ("No person shall be deprived of life, liberty, or property except by due process of law."); Ga. Const. Art. 1, § 1, ¶ II ("Protection to person and property is the paramount duty of government and shall

Relevant here, the Supreme Court of Georgia has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."[2] Nevertheless, in order to invoke that jurisdiction, the record must show that "the trial court specifically passed on the constitutional issue."[3]

In this case, at the sentencing hearing, the trial court first noted that it considered Reyes's willingness to accept responsibility for the charged offenses by pleading guilty. But that court also discussed its concern that, if Reyes did not serve his entire sentence in the United States, he would likely be deported, and as a result, may not be required to do so. The trial court also noted that it had "control to some degree over [Reyes serving his entire sentence] even though the Department of Corrections has a parole board that makes decisions without or beyond [the court's] jurisdiction." But after Reyes was sentenced, his counsel objected, stating, "for the record, I am going to object to the sentence on Eighth Amendment proportionality grounds[,] as well as equal protection grounds . . . ." Then, at the sentencing hearing,

---

be impartial and complete. No person shall be denied the equal protection of the laws.").

[2] *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

[3] *City of Decatur v. DeKalb Cty.*, 284 Ga. 434, 436 (1) (668 SE2d 247) (2008) (punctuation omitted); *see City of Atlanta v. Columbia Pictures Corp.*, 218 Ga. 714, 719 (4) (130 SE2d 490) (1963) ("[T]his [C]ourt will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge.").

the trial court acknowledged the objections, but did not ask Reyes's counsel to elaborate on them, and the court certainly did not rule upon them. As a result, we REMAND this case for the trial court to rule upon Reyes's challenge to his sentence on constitutional grounds.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/30/2023  *

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*